UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| RICHARD WAGNE ) <br> ) <br> & ) <br> ) <br> SPENCER NEAL ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PRANAMJI, INC. ) <br> ) <br>     Defendant. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: 1:23-CV-00167 <br><br> JUDGE GREG N. STIVERS <br><br> **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br> **1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181 *et seq*. <br><br> **2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Kentucky Civil Rights Act, KRS 344, *et seq*. <br><br> **3RD CAUSE OF ACTION:** For Violations of the Kentucky Consumer Protection Act |

Plaintiffs Richard Wagner and Spencer Neal Complain of Defendant Pranamji, Inc., and allege as follows:

**INTRODUCTION:**

1.    This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiffs are members of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiffs access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disability Act of

PLAINTIFFS' FIRST AMENDED COMPLAINT - 1

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, the Kentucky Civil Rights Act, KRS 344, *et seq*, and the Kentucky Consumer Protection Act.

2. Plaintiff Richard Wagner and Spencer Neal are persons with physical disabilities who, on or about March 23, 2023, through March 26, 2023 (Wagner) and June 19, 2023, through June 20, 2023 (Neal), were invitees, guests, patrons, or customers at Defendant's property, which houses the Vette City Hotel, located at 4700 Scottsville Road, Bowling Green, KY 42103. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Kentucky legal requirements, and Mr. Wagner and Mr. Neal suffered violations of their civil rights to full and equal access and were embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Kentucky law, whose goals are closely tied with the ADA.

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Bowling Green, County of Warren, State of Kentucky and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5. Plaintiffs Rich Wagner and Spencer Neal are "physically handicapped persons," "physically disabled persons," and "persons with physical disabilities." (Hereinafter the terms

PLAINTIFFS' FIRST AMENDED COMPLAINT - 2

"physically disabled," "physically handicapped" and "persons with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Wagner and Mr. Neal are "person with physical disabilities," as defined by all applicable Kentucky and United States laws. Mr. Wagner and Mr. Neal require the use of wheelchairs to travel about in public. Consequently, Mr. Wagner and Mr. Neal are members of that portion of the public whose rights are protected by federal and state accessibility law.

6. Defendant Pranamji, Inc., a Kentucky for-profit company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the Vette City Hotel, a public accommodation, located at/near 4700 Scottsville Road, Bowling Green, KY 42103, and subject to the requirements of Kentucky state law requiring full and equal access to public facilities pursuant to Kentucky accessibility law, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Vette City Hotel as a public facility at/near 4700 Scottsville Road, Bowling Green, KY 42103. The business, a Vette City Hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of federal and state accessibility law.

8. At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 4700 Scottsville Road, Bowling Green, KY 42103. As such, Defendant is jointly

PLAINTIFFS' FIRST AMENDED COMPLAINT - 3

and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201  General**
>
> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

9. Plaintiffs do not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiffs are informed and believe that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or

PLAINTIFFS' FIRST AMENDED COMPLAINT - 4

leases to), or operates, the Vette City Hotel, located at 4700 Scottsville Road, Bowling Green, KY 42103. The Vette City Hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Kentucky accessibility law. On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Vette City Hotel to handicapped access requirements.

11. Plaintiffs Richard Wagner and Spencer Neal are persons with a disabilities. Mr. Wagner and Mr. Neal are "physically disabled persons," as defined by all applicable Kentucky and United States laws. Mr. Wagner and Mr. Neal are paralyzed and require the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Vette City Hotel as being handicapped accessible and handicapped usable.

13. On or about March 23, 2023, through March 26, 2023 (Wagner) and June 19, 2023, through June 20, 2023 (Neal), Mr. Wagner and Mr. Neal were invitees and guests at the subject Vette City Hotel, arriving for purposes of obtaining lodging.

14. Upon their arrival, during their patronizing of the public accommodation, and upon their exit of the facility, Mr. Wagner and Mr. Neal personally encountered architectural barriers which denied them the full and equal access to the property.

15. Therefore, at said time and place, Mr. Wagner and Mr. Neal, who are persons with disabilities, encountered the following inaccessible elements of the subject Vette City Hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an*

PLAINTIFFS' FIRST AMENDED COMPLAINT - 5

*exhaustive inventory of Defendant's violations*, barriers to access were personally encountered by Mr. Wagner and Mr. Neal within the facility's (1) public use areas and hotel amenities and (2) mobility-disabled guest rooms. On personal knowledge, information and belief, other public facilities, elements, and mobility accessible guestrooms, too numerous to list, were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Kentucky accessibility law, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Wagner and Mr. Neal were denied their civil rights to full and equal access to public facilities. Mr. Wagner and Mr. Neal suffered a loss of their civil rights and their rights as a persons with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment, and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND

PLAINTIFFS' FIRST AMENDED COMPLAINT - 6

"ADA"), 42. U.S.C. §§ 12181 *et seq.*, and Kentucky accessibility law, *et seq.*

20. Mr. Wagner and Mr. Neal, as described herein below, seek injunctive relief to require the Vette City Hotel to be made accessible to meet the requirements of both Kentucky law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the Vette City Hotel as a public facility. Plaintiffs seek damages for violation of their civil rights, from the date of their visits until such date as Defendant brings the establishment into full compliance with the requirements of Kentucky and federal law.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, Mr. Wagner and Mr. Neal, and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiffs seek an order from this court compelling Defendant to make the Vette City Hotel accessible to persons with disabilities.

23. Plaintiffs are informed and believe and therefore allege that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Vette City Hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of

PLAINTIFFS' FIRST AMENDED COMPLAINT - 7

persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Kentucky.

24. On information and belief, the subject public facility of Vette City Hotel denied full and equal access to plaintiffs and other persons with physical disabilities in other respects due to noncompliance with requirements of Kentucky accessibility law.

25. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Vette City Hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

26. Plaintiffs will return to the subject Vette City Hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail themselves of the hotel's services.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 8

29. Should the Vette City Hotel become accessible, Mr. Wagner and Mr. Neal will visit it again because they will travel through and/or to Warren County, Kentucky in Spring, Summer and Fall, 2024.

30. Furthermore, plaintiffs intend to return to the Vette City Hotel on an annual basis, beginning in 2024, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq*.)**

31. Plaintiffs plead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide

PLAINTIFFS' FIRST AMENDED COMPLAINT - 9

clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

34. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;
>
> 42 U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in

PLAINTIFFS' FIRST AMENDED COMPLAINT - 10

policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq*.

38. The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Vette City Hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

PLAINTIFFS' FIRST AMENDED COMPLAINT - 11

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject Vette City Hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that they are about to be subjected to discrimination in violation of §302. Plaintiffs cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiffs have not returned to Defendant's premises since the dates listed above, but allege that Defendant has continued to violate the law and deny the rights of plaintiffs and of

PLAINTIFFS' FIRST AMENDED COMPLAINT - 12

other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT, KRS 344, ET SEQ.

44. Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 43 of this complaint.

45. At all times relevant to this action, the Vette City Hotel and the business therein, are "places of public accommodation" pursuant to KRS 344.130.

46. Defendant committed an unlawful act pursuant to KRS 344.120 by denying Plaintiffs their full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability.

47. Plaintiffs have desired and attempted to enjoy the goods and services at the Vette City Hotel as customers. They have been prevented from doing so do to the existing architectural barriers at the property. As a result, they have been distressed and inconvenienced thereby, and are entitled to monetary damages for their injuries, as provided for in KRS 344.450.

48. As a result of being denied full access to the property, Plaintiffs have suffered, and will

PLAINTIFFS' FIRST AMENDED COMPLAINT - 13

continue to suffer, personal injury, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

49. Pursuant to Kentucky law, Plaintiffs are entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, Plaintiffs pray for relief and damages as hereinafter stated.

**III. THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT**

50. Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 49 of this complaint.

51. By engaging in the course of conduct alleged herein, Defendant engaged in unfair, false, misleading, and/or deceptive acts or practices in the conduct of trade and/or commerce.

52. Plaintiffs are within the class of people the Kentucky legislature intended to protect with the Kentucky Consumer Protection Act.

53. Defendant made false, unfair, deceptive, or misleading statements and acts to Plaintiffs, including, but not limited to, advertising on its website, that their hotel offers certain amenities which are accessible.

54. Said false, unfair, deceptive and misleading advertising induced Plaintiffs, persons with disabilities who uses wheelchairs, to stay at the Vette City Hotel.

55. As a result of the above acts and practices, Defendant has violated the Kentucky Consumer Protection Act, KRS 367.170, *et seq.*

56. As a result of the foregoing deceptive acts and practices, Defendant has caused damages incurred by Plaintiffs.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 14

57.  Plaintiffs are entitled to consequential and punitive damages, pre-judgment interest and attorney fees under the Kentucky Consumer Protection Act, KRS 367.170, *et seq*.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiffs Richard Wagner and Spencer Neal pray that this court grant relief and damages as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq*.)**

1.  For injunctive relief, compelling Defendant to make its Vette City Hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.  For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.  For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT KRS 344, *ET SEQ*.**

4.  For injunctive relief, compelling Defendant to make the Vette City Hotel readily accessible to and usable by individuals with disabilities, per state law.

5.  General and compensatory damages according to proof;

6.  All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

PLAINTIFFS' FIRST AMENDED COMPLAINT - 15

7.    Attorneys' fees pursuant to Kentucky law, if plaintiffs are deemed the prevailing party;

8.    For all costs of suit;

9.    Prejudgment interest pursuant to Kentucky law; and

10.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT**

11.    For injunctive relief, compelling Defendant to remove all false, unfair, deceptive and misleading advertising from its website and other advertisements for the Vette City Hotel.

12.    General and compensatory damages according to proof;

13.    All damages for each day, from the inception of the filing of this complaint, on which Defendant continues to permit false, unfair, deceptive, and misleading advertising on its website.

14.    Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

15.    Punitive damages, pursuant to Kentucky law;

16.    For all costs of suit;

17.    Prejudgment interest pursuant to Kentucky law; and

18.    Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, OH 44319

PLAINTIFFS' FIRST AMENDED COMPLAINT - 16

Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Rich Wagner & Spencer Neal

PLAINTIFFS' FIRST AMENDED COMPLAINT - 17